ERVIN, Circuit Judge:
 

 Chester D. Williamson (“Williamson”) appeals from the denial of a discharge of his debts under Chapter 7 of the Bankruptcy Code. Because we believe that the bankruptcy court’s findings with respect to Williamson’s entitlement to a discharge were not clearly erroneous, we affirm the denial of the discharge.
 

 Williamson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 28,1985. On October 9,1985, appellee Fireman’s Fund Insurance Company, a creditor of Williamson, filed a complaint objecting to the discharge of Williamson’s debts. The complaint alleged that Williamson was not entitled to a discharge because he had (1) transferred property with intent to hinder, delay, or defraud his creditors within the year preceding the filing of his bankruptcy petition,
 
 see
 
 11 U.S.C. § 727(a)(2)(A); and (2) knowingly and fraudulently made false statements under oath in connection with his bankruptcy case,
 
 see id.
 
 § 727(a)(4)(A).
 

 After the trial of the adversary proceeding brought by Fireman’s Fund Insurance Company, the bankruptcy court ruled that Williamson was not entitled to a discharge of his debts. The bankruptcy court based its decision on findings that Williamson had made false statements under oath in connection with his bankruptcy case, and had engaged in fraudulent transfers of his property within the year preceding the filing of his bankruptcy petition.
 
 [1]
 
 Williamson appealed the bankruptcy court’s judg
 
 *251
 
 ment to the district court, and the district court affirmed on the ground that the bankruptcy court’s decision was not clearly erroneous. This appeal followed.
 

 The Bankruptcy Code provides that a debtor under Chapter 7 shall be granted a discharge, unless “the debtor knowingly and fraudulently, in or in connection with the case — (A) made a false oath....” 11 U.S.C. § 727(a)(4) (1982). In order to be denied a discharge under this section, the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with intent to defraud.
 
 See
 
 4
 
 Collier on Bankruptcy
 
 ¶ 727.04[1], at 727-54 to -55 (L. King 15th ed. 1987). The false oath made by the debtor must have related to a material matter.
 
 See id.
 
 § 727.04[1], at 727-57. Whether a debtor has made a false oath within the meaning of § 727(a)(4)(A) is a question of fact. The bankruptcy court’s findings of fact with respect to this matter may not be set aside unless they are clearly erroneous.
 
 See
 
 Bankr.R. 8013 (“Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.”).
 

 In this case, the bankruptcy court based its denial of the discharge on three false oaths made by Williamson. Two of the false oaths were made in Williamson’s Statement of Financial Affairs. In response to a question asking for disclosure of all bank accounts he had maintained alone or with any other person during the two years preceding the filing of his bankruptcy petition, Williamson listed two bank accounts with a total of $220.37 on deposit. In fact, Williamson had maintained a third bank account with his fiancee, Janet Card-well, during the relevant time period and had made a number of deposits into that account. In response to a question asking him to identify all gifts he had made during the year preceding the filing of his petition, Williamson stated that he had made no gifts. In fact, Williamson had made at least three gifts of money to Janet Card-well within the relevant period of time.
 

 The third false oath on which the bankruptcy court based the denial of discharge was made during Williamson’s examination pursuant to Bankr.R. 2004. At this examination, Williamson testified under oath that he had withdrawn $15,000 from one of his bank accounts and used the money to repay a loan from his brother. At the trial of the adversary proceeding, Williamson admitted that this testimony was false, and that he knew it to be false when he gave it.
 
 [2]
 
 The $15,000 that Williamson withdrew from his bank account was sent to Janet Cardwell, who used the money to pay her divorce lawyer.
 

 
 *252
 
 All three of Williamson’s false oaths were material misstatements that would support the denial of a discharge under 11 U.S.C. § 727(a)(4)(A). The false statements related to material matters in that they concerned the existence and disposition of Williamson’s property.
 
 See In re Chalik,
 
 748 F.2d 616, 618 (11th Cir.1984) (per curiam) (“The subject matter of a false oath is ‘material,’ and thus sufficient to bar discharge, if it bears a relationship to the bankrupt’s business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.”).
 

 Williamson’s primary contention on appeal is that the bankruptcy court erred in denying him a discharge on the basis of the three false oaths, because he did not make the false oaths “fraudulently” within the meaning of 11 U.S.C. § 727(a)(4)(A). Williamson contends that his false oaths were motivated by a desire to assist and support his fiancee, Janet Cardwell, rather than by a desire to defraud his creditors. As Williamson points out, he and Janet Cardwell were the only witnesses to testify at the trial of the adversary proceeding; not surprisingly, the testimony of both witnesses was to the effect that Williamson did not act with fraudulent intent in transferring funds to Ms. Cardwell or in making false oaths. Despite this testimony, the bankruptcy court found that Williamson had acted with the requisite fraudulent intent, and we cannot say that this finding was clearly erroneous.
 

 The problems inherent in ascertaining whether a debtor has acted with fraudulent intent are obvious. Ordinarily, the debtor will be the only person able to testify directly concerning his intent. “Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case.”
 
 In re Devers,
 
 759 F.2d 751, 754 (9th Cir.1985);
 
 see also Farmers Cooperative Association v. Strunk,
 
 671 F.2d 391, 395 (10th Cir.1982) (“Fraudulent intent ... may be established by circumstantial evidence, or by inferences drawn from a course of conduct.”). Because a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor, deference to the bankruptcy court’s factual findings is particularly appropriate.
 

 In our view, the facts and circumstances of this case support the bankruptcy court’s finding that Williamson acted fraudulently in making false oaths in connection with his bankruptcy case. It is significant that Williamson made not one false oath, but three, and that the effect of these false oaths was to conceal from the bankruptcy court and the trustee a pattern of gratuitous transfers of property from Williamson to Janet Cardwell. Concealment of these transfers would have been advantageous to Williamson and Ms. Card-well and detrimental to Williamson’s creditors, because it would have prevented the trustee from exercising his powers under 11 U.S.C. §§ 544(b) and 548(a) (1982) to recover the transfers for the benefit of the creditors. Similarly, Williamson’s concealment of the joint bank account would have worked to his advantage and to the detriment of his creditors, since Williamson’s interest in the joint account would have been property of the estate subject to the claims of his creditors if its existence had been known.
 

 These circumstances convince us that the bankruptcy court did not clearly err in finding that Williamson had knowingly and fraudulently made false oaths in connection with his bankruptcy case. Accordingly, we affirm the denial of a discharge of Williamson’s debts under 11 U:S.C. § 727(a)(4)(A).
 

 AFFIRMED.
 

 [1]
 

 . Because we find that Williamson’s false oaths in connection with his bankruptcy case provided a sufficient basis for the denial of the discharge, we do not review the bankruptcy court’s findings with respect to Williamson’s fraudulent transfers of property.
 

 [2]
 

 . Williamson thus concedes that the false statement he gaye under oath at his Rule 2004 examination was made knowingly, within the meaning of 11 U.S.C. § 727(a)(4)(A). Williamson suggests, however, that the false oaths contained in his Statement of Financial Affairs were not made knowingly. With respect to his failure to disclose the existence of the joint bank account he maintained with Janet Cardwell, Williamson contends that he did not knowingly omit the bank account from the Statement of Financial Affairs, because he believed in good faith that he had no interest in the account. Similarly, Williamson claims that he did not knowingly fail to disclose gifts he had made in the Statement of Financial Affairs, because he believed that the funds he had transferred to or for the benefit of Janet Cardwell were not gifts.
 

 We must reject these contentions. Williamson was asked in the Statement of Financial Affairs to identify all bank accounts he had maintained in his own name or with any other person during the two years preceding the filing of his bankruptcy petition. Williamson knew that his name was on the joint bank account with Janet Cardwell; he deposited funds into this account and had the right to withdraw funds from it. Under these circumstances, we must conclude that Williamson’s failure to disclose the existence of the joint bank account was knowing.
 

 Similarly, we are convinced that Williamson knowingly failed to disclose gifts made to Janet Cardwell as required in the Statement of Financial Affairs. Williamson and Ms. Cardwell testified that the funds Williamson transferred to or for the benefit of Ms. Cardwell were not loans, and that Williamson received no consideration for the transfers. As the bankruptcy court pointed out, the transfers could not be characterized as anything but gifts. In view of these circumstances, we are persuaded that Williamson’s false oath concerning gifts was made knowingly.