**In re Edward RICHMAN, Ilene H. Richman, Debtors.**

**RINKER–DETWILER & ASSOCIATES, P.C., Plaintiff,**

v.

**Edward RICHMAN, Ilene H. Richman, Defendants.**

**Bankruptcy No. 92–1–3241–SD. Adv. No. 94–1A–314.**

United States Bankruptcy Court, D. Maryland, at Rockville.

June 10, 1994.

evidence that there was neither an oral nor a written agreement regarding institutional care

for Dianna.

Martin P. Schaffer, Rockville, MD, for Edward Richman and Ilene H. Richman, debtors.

John A. Taylor, Rockville, MD, for Rinker–Detwiler & Associates, P.C., plaintiff.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

The Defendants have filed a Motion to Dismiss the Complaint in this adversary proceeding asserting that the two counts in the Plaintiff's Complaint do not contain sufficient allegations to state a claim upon which relief can be granted. Because this Court agrees with the Defendants, the Motion to Dismiss will be granted.

Count I of the Complaint alleges that the Debtors failed to list a claim against the estate in the schedules filed by the Debtor on June 12, 1992. The Plaintiff further avers that the omission was knowing and intentional and constituted a knowing and fraudulent making of a false oath entitling the Plaintiff to an Order Denying Discharge of the Debtors pursuant to 11 U.S.C. § 727(a)(4)(A). In response, the Defendants' Motion to Dismiss asserts that the omission was inadvertent and would be cured by filing of amended schedules. The reply of the Plaintiff to the Response to Motion to Dismiss avers that the assertion of inadvertence is a dispute of fact which cannot be decided upon a Motion to Dismiss.

In order to be denied a discharge pursuant to 11 U.S.C. § 727(a)(4), a Debtor must have made a statement under oath which he knew to be false and must have made the statement willfully and with intent to defraud. "The false oath made by the Debtor must be related to a material matter." *Williamson v. Fireman's Fund Insurance Company*, 828 F.2d 249, 251 (4th Cir. 1987). The averment by the Plaintiff that the Debtors' omission was a knowing and intentional false statement is a question of fact. *Id.* at 251. However, where the erroneous statement is not material, the issue of intentional falsehood need not be resolved in order to dispose of the matter. The representation is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns discovery of assets, business dealings, or the existence or disposition of its property. *Id.* at 252.

It is certainly true that the omission of facts required to be divulged by the schedules and statement of financial affairs can be a material misrepresentation. In the instant case, at the time of the filing of the petition, the Debtors had been sued by the Plaintiff in state court. The Debtors had counter claimed in that suit. The Debtors listed the existence of the counter claim in their schedules as an asset, but omitted listing the suit brought by the Plaintiff as a disputed claim. Certainly, the Plaintiff knew about the bankruptcy and was not deprived of any opportunity to participate therein. In August of 1992, the Plaintiff filed a proof of claim. In a Chapter 11, the filing of a proof of claim establishes prima facie the existence of the claim, whether or not a claim was originally scheduled by the Debtor. The Plaintiff has participated in the Chapter 11 case going forward and appears on the mailing matrix of the case.

Debtor has filed an objection to the claim of the Plaintiff within the bar date for such objections and hence the Plaintiff's claim status is exactly as it would have been, had the claim been originally listed as a disputed

claim. While it is the duty of the Debtor to file accurate schedules, the omission of one claim under the particular circumstances of this case in no way appears to have concealed a material fact.

■ In Count II of the Complaint, the Plaintiff asserts that the Debtor's statement in its original Disclosure Statement stating that the Debtor's were "pressing" the state court litigation upon the counter claim against Plaintiff herein, constituted a false representation of a material fact, because the Plaintiff avers that the suit had remained substantially dormant for almost a year and a half. This is the same allegation that the Plaintiff pressed upon this Court as an objection to the approval of that Disclosure Statement. At the hearing on the approval of the Disclosure Statement, new counsel for the Debtor appeared and represented to the Court that the Disclosure Statement would have to be amended in response to a number of objections. This Court denied approval of the Disclosure Statement With Leave To Amend. An Amended Disclosure Statement has been filed in which the offending word "pressing" has been deleted and the existence of the instant adversary proceeding and its objection to the use of the word "pressing" has been disclosed. Again, this Court finds that no material fact has been misrepresented by the Debtor. An inaccuracy in the Disclosure Statement is generally challenged by an objection to approval of the Disclosure Statement, as it was in this case. A dispute over the accuracy of a one word characterization in the disclosure statement about the status of litigation which is a potential asset of the estate, is not material as an oath or account under the facts of this case.

Simply put, the Debtor has asserted that one of its principal assets is its claim in the state court against the Plaintiff herein, Rinker–Detwiler. Rinker–Detwiler has launched an offensive on several fronts in an attempt to derail the Debtor's pursuit of the State Court litigation. Rinker–Detwiler objected to the Disclosure Statement in which the continuation of the litigation is listed as one of the focal points of the plan of reorganization. It also joined in a motion to dismiss

the bankruptcy, asserting that Debtor has failed to diligently pursue a reorganization. Finally, Rinker–Detwiler has brought this adversary proceeding seeking to make the continuation of the bankruptcy case fruitless, in terms of the Debtor obtaining a discharge. Viewed in this context, the omission of a claim as a disputed claim from the originally filed schedules and the use of the word "pressing" in the originally filed Disclosure Statement do not constitute material representations. Accordingly, this Court need not decide the factual dispute as to whether or not the inaccuracies were made fraudulently or knowingly.

For these reasons, the adversary proceeding brought by Rinker–Detwiler in this case shall be dismissed.