**In re Charles E. McFARLAND, Mary C. McFarland, Chapter 7 Debtors.**

**FEDERAL DEPOSIT INSURANCE CORP. as Receiver for the National Bank of Washington, Plaintiff,**

v.

**Charles E. McFARLAND, Defendant.**

Bankruptcy No. 93–11910–T.
Adv. No. 94–1144–T.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 11, 1995.

Michael M. Hicks (pro hac vice), Tinya L. Banks, Leftwich & Douglas, Washington, DC, for Plaintiff.

Bennett A. Brown, Fairfax, Virginia, for Debtor Defendant.

H. Jason Gold, Alexandria, Virginia, Office of the United States Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial on plaintiff's complaint to deny debtor's discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(4)(A) was held in Alexandria, Virginia, on June 21 and 22, 1995. At the conclusion of trial the court ruled from the bench that debtor's discharge would be denied.

This opinion supplements the court's bench ruling.

### Facts [1]

Debtor defendant and another individual, Walter Neale, were officers, directors and fifty-fifty shareholders of The ResTec Corporation, which they formed to engage in the business of real estate development in 1979 and which ceased to do business in the early 1990s.

While ResTec was in business it borrowed approximately $1,900,000.00 from National Bank of Washington for the purpose of purchasing land. This loan was guaranteed by debtor and Neale, both of whom put up certificates of deposit in the total amount of $440,000.00 as additional security.

In September 1990 National Bank of Washington released the certificates of deposit totaling $440,000.00 and returned this collateral to ResTec.

Debtor filed the instant chapter 7 bankruptcy case on May 4, 1993. On October 26, 1993, plaintiff's counsel conducted a Bankruptcy Rule 2004(a) examination of debtor in accordance with an order of this court. During this examination, debtor stated under oath as follows:

(1) The proceeds of the $440,000.00 certificates of deposit which National Bank of Washington returned to ResTec were used by the corporation to pay ResTec bills and expenses. Debtor did not receive any part of these proceeds.

(2) He did not have any accounts in banks located outside the United States and did not send funds outside the country.

In fact, contrary to debtor's statements under oath at the 2004(a) examination, debtor and Neale each received $220,000.00 from ResTec by checks issued by the corporation on September 7, 1990. These checks represented ResTec's distribution of the $440,000.00 returned to it by National Bank of Washington to ResTec.

Additionally, and contrary to his statement under oath, debtor remitted most of the

1. The court adopts the findings of fact submitted by plaintiff's counsel and filed with the court on July 7, 1995. The statement of facts in this opinion is the court's summary of facts.

$220,000.00 he received from ResTec by a series of checks payable to Guardian Bank & Trust (Cayman) Ltd. (GB & T), a bank located outside the United States in the Grand Cayman Islands. Debtor submitted checks payable to GB & T in an amount exceeding $300,000.00.

Debtor, in making the above statements during his examination under oath under Rule 2004(a), knowingly and fraudulently made false oaths in or in connection with his bankruptcy case.

### Discussion And Conclusions

Plaintiff asks the court to deny debtor's discharge in bankruptcy on grounds stated in Bankruptcy Code § 727(a)(4)(A), which provides in substance that a debtor's chapter 7 discharge will be denied if the debtor knowingly and fraudulently has made a false oath in connection with the bankruptcy case.[2]

In order to be denied a discharge under this section, the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with intent to defraud. *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249 (4th Cir.1987); *Peoples Bank of Charles Town v. Colburn (In re Colburn)*, 145 B.R. 851, 859 (Bankr.E.D.Va.1992).

Whether a debtor has made a false oath within the meaning of this section is question of fact.

The false oath must be material. The subject matter of a false oath is "material" and thus sufficient to bar discharge if it bears a relationship to the debtor's business transactions or estate, concerns the discovery of assets or business dealings, or the existence and disposition of property.

The problem inherent in ascertaining whether a debtor acted with fraudulent intent is obvious. Ordinarily, the debtor will be the only person able to testify concerning

his intent. Thus, assuming the usual denial by a debtor of fraudulent intent, the court must resolve the issue from the "circumstantial evidence, or by inferences drawn from a course of conduct." *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d at 252.

The burden of proof is on the party objecting to debtor's discharge; however, the burden may shift to debtor to present explanatory evidence once the plaintiff has established a prima facie case. *Union Bank of the Middle East v. Farouki (In re Farouki)*, 133 B.R. 769, 776 (Bankr.E.D.Va.1991).

Here, plaintiff's complaint relies upon allegedly false testimony given by debtor in examinations under oath after the filing of debtor's bankruptcy petition. The court has found as fact that debtor gave false testimony under oath (1) that in 1991 he did not receive from a closely held corporation any proceeds of a $440,000.00 certificate of deposit, when in fact he and his co-shareholder each received $220,000.00 and (2) that he had no bank accounts in nor made any deposits to offshore banks, when in fact he drew checks in amounts in excess of $300,000.00 payable to a Cayman Island bank.

At trial debtor continued to assert that he did not have an offshore bank account or deposit funds in one; debtor also stated he did not intend to defraud.

Thus, the only real dispute about the falsity of debtor's sworn testimony concerned his denials regarding offshore banks. However, he was unable to produce a scintilla of credible evidence refuting the natural presumption that some $300,000.00 worth of checks admittedly drawn by debtor payable to an offshore bank were transfers of funds to the bank or to an account in the bank.

Although debtor denies that he held any fraudulent intent in the giving of his testimony at the 2004(a) examination, his evidence at trial that he had forgotten the withdrawal of $220,000.00 from his corporation was highly

---

**2.** Pursuant to the bankruptcy code,
   (a) The court shall grant the debtor a discharge, unless—

    (4) the debtor knowingly and fraudulently, in or in connection with the case—

   (A) made a false oath or account;

11 U.S.C. § 727(a)(4)(A).

implausible. The circumstantial evidence in this case is plainly sufficient to warrant denial of debtor's discharge.

A separate order will be entered.