**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: MICHAEL DAVID JARAY,
<u>Debtor.</u>

NATIONSBANK, N.A.,

<u>Plaintiff-Appellee,</u>

No. 96-2178

v.

MICHAEL DAVID JARAY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-1213-AW, BK-95-10200-DK, AP-95-1A141-DK)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis Fireison, Matthew H. Goodman, LOUIS FIREISON & ASSO-
CIATES, P.A., Bethesda, Maryland, for Appellant. Allen P. Feigel-
son, ALLEN P. FEIGELSON, P.A., Riverdale, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael David Jaray appeals from the district court's order affirming the bankruptcy court's order denying him a discharge of his debts under Chapter 7 of the Bankruptcy Code. Finding no clear error in the bankruptcy court's factual determinations concerning Jaray's entitlement to a discharge, we affirm.

The Bankruptcy Code provides that a discharge of debt shall be granted under Chapter 7 unless, among other things, the debtor knowingly and fraudulently made a false oath, which is material to the bankruptcy estate. 11 U.S.C. § 727(a)(4)(A) (1994); Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987). Whether a debtor knowingly and fraudulently made a false oath within the meaning of § 727(a)(4)(A) is a question of fact, which will not be overturned unless found to be clearly erroneous. See Bankr. R. 8013; Williamson, 828 F.2d at 251.

In response to questions on the schedules accompanying Jaray's bankruptcy petition, Jaray claimed that he did not receive any income from employment or operation of a business, owned no stock, held no property belonging to another, and did not control any accounts. Nowhere in his schedules did Jaray disclose his interest in National Propane Cooperative, Inc., a fuel distribution company incorporated and run by Jaray. During the meeting of creditors pursuant to 11 U.S.C. § 341 (1994), Jaray did not mention National Propane when asked the name of his business. He only divulged the existence of National Propane after Nationsbank asked the ownership of the truck he drove to the meeting.

At the trial on Nationsbank's objection to discharge, Jaray admitted that income from National Propane was used to pay Jaray's personal bills, he was the sole owner of stock in National Propane, he exer-

2

cised control over three trucks titled to National Propane--including the truck he drove to the meeting of creditors and to the trial--and he controlled National Propane's bank accounts. Jaray attempted to explain his failure to reveal National Propane on his schedules by asserting that National Propane is insolvent. Jaray also stated that he was confused by the questions asked on the schedules, during the meeting of creditors, and at trial.

The bankruptcy court found that Jaray's purported confusion was "disingenuous," his testimony incredible, and his amendment of the schedule following the § 341 meeting inadequate to cure the false oath. The court concluded that Jaray's false oath on the bankruptcy schedules was fraudulently made with an intent to deceive. Further the false oath was material because it bore a relationship to Jaray's business transactions and concerned discovery of assets, regardless of their value. See In re Chalik, 748 F.2d 616, 617 (11th Cir. 1984).

The bankruptcy court's factual findings were made after its opportunity to observe Jaray testifying and were based on an unequivocal credibility determination that is supported by the record. See Bankr. R. 8013 (due regard given to bankruptcy court's opportunity to judge credibility); Williamson, 828 F.2d at 252 (same). Finding no clear error, we affirm the district court's order upholding the bankruptcy court's denial of a discharge to Jaray. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3