**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: DALE ALAN KEY,
Debtor.

DAVID S. WILSON; SMITH MOUNTAIN
REALTY, INCORPORATED, a Virginia

corporation,
Plaintiffs-Appellants,

v.

DALE ALAN KEY,
Defendant-Appellee.

No. 97-1408

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Jackson L. Kiser, Senior District Judge.
(CA-96-16-L, BK-95-271-WA-1-7, AP-95-27-A)

Argued: October 2, 1997

Decided: December 11, 1997

Before MICHAEL, Circuit Judge, BUTZNER,
Senior Circuit Judge, and MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Irving Vogel, II, VOGEL & CROMWELL,
L.L.C., Roanoke, Virginia, for Appellants. William Floyd Schneider,

SMITH & FALCONE, Lynchburg, Virginia, for Appellee. **ON BRIEF:** James Robert Cromwell, VOGEL & CROMWELL, L.L.C., Roanoke, Virginia, for Appellants. W. Alan Smith, Jr., SMITH & FALCONE, Lynchburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David S. Wilson appeals a judgment of the district court that affirmed the decision of a bankruptcy court discharging the debt Dale Alan Key owed him. We affirm.

This claim arises out of the 1993 sale of a real estate brokerage business, Smith Mountain Realty, Inc. (SMR), by Wilson to Key. Key paid $25,000 in cash and signed a purchase money note for the $60,000 balance, secured by an assignment of SMR's stock and assets. In January of 1994, Key defaulted on the note. Wilson sued Key and on February 9, 1995, obtained a judgment against him for $64,867 plus interest, costs, and attorney fees. Key filed for bankruptcy on February 22, 1995. Key turned the stock and tangible assets of SMR over to Wilson, as ordered, on or before March 8, 1995.

Wilson contested the discharge of Key's liabilities under 11 U.S.C. § 727(a)(3), (a)(4)(A), and (a)(5). Wilson also claimed that the debt owed him by Key should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). After a trial, the bankruptcy judge dismissed Wilson's complaint and granted Key a discharge of his debts in bankruptcy. Wilson appealed to the district court. The district judge remanded the action to the bankruptcy judge to make specific findings of fact. The bankruptcy judge made findings of fact, to which Wilson objected. After a hearing on Wilson's objections, the bankruptcy judge declined to amend his findings of fact.

2

The district judge then found that the bankruptcy judge's findings were not clearly erroneous and affirmed the denial of Wilson's motion and Key's entitlement to a discharge in bankruptcy. Wilson now appeals.

While we review the district court's judgment de novo, we review the bankruptcy judge's findings of fact for clear error and his conclusions of law de novo. See In re Tudor Assocs., Ltd., II, 20 F.3d 115, 119 (4th Cir. 1994). The bankruptcy judge held both a trial of this case and a later hearing in order to make findings of fact. We review his findings giving "due regard . . . to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr. Rule 8013. Before addressing Wilson's three assignments of error, we note that the bankruptcy code favors discharge in bankruptcy and that the code's exceptions to discharge are narrowly construed. See generally 6 Collier on Bankruptcy ¶ 727.01[4], at 727-12 (15th ed. rev. 1997).

I

Wilson alleges that he proved by a preponderance of the evidence that Key knowingly and fraudulently made a false oath and that Wilson is therefore entitled to relief under 11 U.S.C.§ 727(a)(4)(A). To deny discharge under this section of the bankruptcy code, Wilson must prove that Key "made a statement under oath which he knew to be false, and . . . made the statement willfully, with intent to defraud." Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987). "Whether a debtor has made a false oath within the meaning of § 727(a)(4)(A) is a question of fact." Id. The bankruptcy judge reviewed 11 statements that Wilson alleged were false and found that Wilson failed to prove the requisite intent to deceive. The bankruptcy judge further declined to infer fraudulent intent from the facts and circumstances of the case.

II

Wilson argues that he proved by a preponderance of the evidence that Key did not satisfactorily explain the difference between his 1994 income and his stated annual expenses and that Wilson is therefore entitled to relief under 11 U.S.C. § 727(a)(5). To merit a denial of discharge under this section, Wilson must prove that Key "has failed to

3

explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). The bankruptcy judge found that Wilson failed to provide evidence as to specific missing funds and that the fact that Key's income exceeded his expenditures did not prove that Key was secreting assets. As the bankruptcy judge noted, "Key's personal and banking records were introduced, and there was no evidence of any missing funds. Key testified at the hearing, and the court found that such testimony was credible." (JA 249)

III

Wilson also alleges that he proved by a preponderance of the evidence that Key's withdrawal of funds and transfer of assets from SMR was contrary to Wilson's perfected security interest and that Wilson is therefore entitled to relief under 11 U.S.C. § 523(a)(6). To establish that Key's debt to Wilson should be excepted from discharge under this section Wilson must prove that Key willfully and maliciously injured Wilson's security interest in the property of SMR. 11 U.S.C. § 523(a)(6). Wilson must therefore prove that Key acted deliberately and in knowing disregard of Wilson's rights. See In re Stanley, 66 F.3d 664, 667 (4th Cir. 1995). The bankruptcy judge found that Key traded some of SMR's equipment but that there was no evidence that the trade was for less than fair value. The bankruptcy judge further found that Key's withdrawals of funds from SMR were in line with compensation paid him by SMR before he took over the business, were for legitimate business purposes, were not extravagant, and were not made with the intent to defraud.

IV

We conclude that the bankruptcy judge's findings are not clearly erroneous. Its decision to discharge Key's debts, including that owed Wilson, properly applied pertinent sections of bankruptcy law. We affirm the judgment of the district court upholding the bankruptcy court's discharge.

AFFIRMED

4