**In re Vernon Keith REED, Debtor.**

**Carl R. Clark, Trustee, Plaintiff,**

**v.**

**Vernon Keith Reed, Defendant.**

**Bankruptcy No. 02–20109–7–JTF. Adversary No. 02–6055.**

United States Bankruptcy Court, D. Kansas.

April 22, 2003.

Stephen G. Bolton, Overland Park, KS, for Debtor.

Carl R. Clark, Lentz & Clark, P.A., Overland Park, KS, Pro Se.

Thomas E. Osborn, Brotherhood Bank & Trust, Kansas City, KS, Defendant.

### *MEMORANDUM AND ORDER* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Vernon Keith Reed, the debtor, filed a Chapter 7 bankruptcy petition, schedules, and statement of financial affairs. One month later, the Chapter 7 trustee requested that debtor provide approximately 10 additional items of documentation and information. While the debtor to date has provided three of the items requested, he has failed to turn over to the trustee the remaining items, despite a court order directing debtor to turn over those items. Furthermore, at the § 341 meeting, debtor disclosed a number of transactions he engaged in prior to filing his petition that were not disclosed in debtor's schedules. Is the trustee entitled to summary judgment on his complaint objecting to dis-

---

**1.** The trustee, Carl R. Clark, appears in person. The debtor appears by his attorney, Stephen G. Bolton.

charge under 11 U.S.C. §§ 727(a)(4)(A) and (a)(6)(A)? Yes, because debtor's failure to disclose material information in his statement of financial affairs and schedules, along with debtor's false statements made under oath at his § 341 meeting, constitute false oaths made with fraudulent intent under § 727(a)(4)(A).

The debtor has filed no response to the trustee's motion for summary judgment,[2] and the time for filing a response has passed. Therefore, the court will treat the motion as uncontested under D. Kan. Rule 7.4. In support of his motion, the trustee submitted the following Statement of Uncontroverted Facts, which is identical to the Stipulations contained in the Pretrial Order signed by both the trustee and debtor's counsel:[3]

On January 10, 2002, the debtor filed his Chapter 7 bankruptcy case. Carl Clark was appointed as the Chapter 7 trustee. On February 15, 2002, the first meeting of creditors was conducted and concluded. On February 10, 2002 and/or April 8, 2002, the trustee requested by correspondence that the debtor provide the following documents and information:

 a. Copy of the title to the 1995 Pro–One motorcycle;

 b. Name, address and telephone number of repair shop in Florida where the 1995 Pro–One motorcycle is stored and itemization of repair bill against same;

 c. Copy of the title to the 1973 Mercury Cougar and the vehicle's VIN number;

 d. A copy of the "Boilermaker's Summary Plan Description" and the last statement to Mr. Reed's pension;

 e. Documentation of credit cards paid from $35,000 received from debtor's father in the 90 days pre-petition. These payments to creditors were not identified on Statement of Financial Affairs Question No. 3a. The trustee also requested copies of the credit card statements (for the accounts which were paid with said proceeds) for the 90 days preceding the petition date;

 f. A copy of the title to the 2000 Harley Fatboy purchased in 2000 and its VIN number;

 g. Copies of any and all date-of-filing bank account statements;

 h. Copies of *all bank records and cancelled checks* on ALL signatory bank accounts for the six months pre-petition;

 i. Copies of any and all documents relating to the purchase and gift of an $11,000 engagement ring to Mr. Reed's fiancee in September 2001. The trustee also requested the fiancee's name, address, and telephone number and documentation of how Mr. Reed obtained the funds to purchase said engagement ring; and

 j. Copies of debtor's 2000 and 2001 federal and state tax returns.

On April 11, 2002, the court entered an order directing debtor to turn over to the trustee the above-listed information and documents.[4] Of the items requested, the debtor has provided information or documents requested in paragraphs *a, b,* and *d* above. Debtor has failed to turn over to the trustee the remaining information and documents.

---

2. Trustee's Motion for Summary Judgment filed February 10, 2003 (Doc. # 11).

3. Final Pretrial Conference Order filed January 17, 2003 (Doc. # 10).

4. Order Directing Turnover filed April 11, 2002, in main bankruptcy case, No. 02–20109 (Doc. # 15).

At the § 341 first meeting of creditors, debtor testified that he had received approximately $35,000 from his father within the 90 days preceding his bankruptcy filing. Also at that meeting, debtor testified that he had paid certain unsecured creditors amounts in excess of $600 with the funds advanced by his father. He testified that he had paid one credit card creditor approximately $21,000. He further testified at the § 341 meeting that on or about September 20, 2001, within 90 days prior to his bankruptcy filing, he had given an unnamed woman an engagement ring that he believed cost approximately $11,000. Debtor further testified at the meeting of creditors that he had sold certain jewelry, for a sale price of approximately $350, within the six months preceding the filing of his petition. The transactions regarding the payment of unsecured creditors, the purchase of an $11,000 engagement ring, and the sale of certain jewelry for approximately $350 were not disclosed in debtor's schedules.

*11 U.S.C. § 727(a)(4)(A)*

The trustee contends that summary judgment is proper under 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4)(A) provides:

> (a) The court shall grant the debtor a discharge, unless—

> (4) the debtor knowingly and fraudulently, in or in connection with the case—

>> (A) made a false oath or account....

**5.** *In re Calder,* 907 F.2d 953, 955 (10th Cir.1990)(citing 4 COLLIER ON BANKRUPTCY ¶ 727.04[1] at 727–54 to –57 (15th ed.1987)).

**6.** *Id.* (citing *Farmers Co-op. Ass'n v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982)).

*False Oath or Account*

"To trigger section 727(a)(4)(A), the false oath must relate to a material matter and must be made willfully with intent to defraud."[5] A debtor's omission of assets from his statement of affairs or schedules may constitute a false oath under § 727(a)(4)(A).[6] A false statement by the debtor at an examination during the course of the proceedings also may constitute a false oath under § 727(a)(4)(A).[7]

Here, the trustee argues that the debtor's failure to disclose certain information in his statement of affairs and schedules constitutes a false oath under § 727(a)(4)(A) and the trustee asks the court to take judicial notice of the debtor's bankruptcy petition, schedules, statement of financial affairs, and related documents. "Under Fed.R.Evid. 201(b)(2), which is applicable in bankruptcy cases, *see* Bankruptcy Rule 9017, a court may take judicial notice of facts that are not subject to reasonable dispute in that they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"[8] Accordingly, this court will take judicial notice of the contents of debtor's petition, schedules, statement of affairs, and related documents.

The trustee also asserts that the debtor, when asked at his § 341 meeting if there were "any errors or omissions that you need to bring to Mr. Clark, who is the interim trustee, or my attention or the court's attention at this time," the debtor responded, "Not that I can think of."[9] The debtor further stated, under oath, at

**7.** 6 COLLIER ON BANKRUPTCY ¶ 727.04[2] at 727–42 (Alan N. Resnick, et al. eds., 15th ed. rev.2003).

**8.** *In re Calder* at 955 n. 2.

**9.** Trustee's Motion for Summary Judgment (Doc. # 11) at 4.

the § 341 meeting, that all of his assets and all of his creditors were listed.

The court finds that although the debtor swore under oath that there were no omissions in his schedules or statement of financial affairs and that all of his assets and liabilities were listed, his schedules and statement of financial affairs did in fact contain several omissions which evidence instances of false oath. Based upon the uncontroverted facts presented in the trustee's motion, debtor made the following statements:

(1) Debtor testified at his first meeting of creditors that he had paid certain unsecured creditors amounts in excess of $600 with the funds advanced by his father. He testified that he had paid one credit card creditor approximately $21,000. These payments were not disclosed by debtor in his schedules or statement of financial affairs.

(2) At his first meeting of creditors, debtor testified that on or about September 20, 2001, within 90 days prior to his bankruptcy filing, he had given an unnamed woman an engagement ring that he believed cost approximately $11,000. This transfer was not disclosed by debtor in his schedules or statement of financial affairs.

(3) At his first meeting of creditors, debtor testified that he had sold certain jewelry, for a sale price of approximately $350, within the six months preceding the filing date of debtor's petition. This sale was not disclosed by debtor in his schedules or statement of financial affairs.

## Material Omissions

■ The court also finds that the foregoing statements were "material" under § 727(a)(4)(A). "The subject matter of a false oath is material and warrants a denial of discharge if it is related to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property."[10] The court concludes that the debtor's undisputed omissions were material because the omitted information concerned the discovery of assets and the existence or disposition of debtor's property.[11]

## Fraudulent Intent

■ In general, the court is reluctant to grant summary judgment on a cause of action under § 727(a)(4) inasmuch as the element of fraudulent intent usually invokes questions of fact involving the debtor's state of mind. However, "a finding of actual intent may be based on circumstantial evidence or on inferences drawn from a course of conduct. This is because a debtor is unlikely to testify that the intent was fraudulent. Thus, a court may look to all the surrounding facts and circumstances."[12] In this case, the debtor's course of conduct supports the conclusion that the debtor acted fraudulently in making false oaths in connection with his bankruptcy.

The trustee presents the following facts and circumstances regarding the debtor's course of conduct as evidence of the debtor's fraudulent intent: (1) the debtor has never filed any amendment to correct his schedules or statement of financial affairs; (2) the debtor did not voluntarily bring

---

**10.** 6 COLLIER ON BANKRUPTCY ¶ 727.04[1][b] at 727–40 (Alan N. Resnick, et al. eds., 15th ed. rev.2003).

**11.** *See, e.g., In re Calder,* 907 F.2d at 955.

**12.** 6 COLLIER ON BANKRUPTCY ¶ 727.02[3][b] at 727–18 (Alan N. Resnick, et al. eds., 15th ed. rev.2003)(footnotes omitted). *See also, In re Calder* at 955–56 (and cases cited therein).

forth the omissions to the trustee's or court's attention at any time before his § 341 meeting or .at the § 341 meeting itself when the debtor was asked if there were any errors or omissions; (3) the debtor waited until he was specifically questioned at the § 341 meeting about the three transactions listed *supra* at page 68, *after* he had given his sworn answer that there were no omissions, to bring these transactions to the trustee's attention. The court finds, based on the foregoing, that a reasonable inference of fraudulent intent may be drawn from debtor's course of conduct. Moreover, the court concludes that the number of known omissions— here, three—also supports a finding of fraudulent intent.[13]

Thus, the court has determined that the trustee's uncontested motion for summary judgment seeking a denial of debtor's discharge under § 727(a)(4)(A) should be granted.

*11 U.S.C. § 727(a)(6)(A)*

 Even were the court to find summary judgment inappropriate under § 727(a)(4)(A), the court concludes that summary judgment on the trustee's complaint to deny discharge is warranted under § 727(a)(6)(A). Section 727(a)(6)(A) provides:

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . . .

"Refusal of the debtor to comply with a turnover order by the court may be a basis for an objection to discharge [under § 727(a)(6)(A)], unless the order is void (not merely erroneous) for want of power in the court, or an appeal is promptly taken." [14]

Here, it is uncontroverted that this court entered its order on April 11, 2002, directing the debtor to turn over to the trustee the information and documents listed as items *a* through *j* on page 68 *supra*. It is further uncontroverted that the debtor provided the information requested in paragraphs *a, b,* and *d,* but that he has failed to turn over to the trustee the remaining information and documents. There is no evidence in the record to suggest that the order is void, and the debtor did not appeal the order. Indeed, the debtor never filed an objection to the trustee's Motion for Turnover. The order specifically enumerated in detail the information and documentation the debtor was required to turn over. The court concludes that the debtor has specifically violated the court order by not providing the information to the trustee. Accordingly, the court finds that the trustee is entitled to summary judgment under § 727(a)(6)(A) as well.

IT IS THEREFORE ORDERED that the trustee's motion for summary judgment seeking a denial of debtor's discharge under 11 U.S.C. § 727(a)(4)(A) and § 727(a)(6)(A) is granted.

**13.** *See In re Calder,* 907 F.2d at 956 ("Furthermore, it is significant that there was not one but four separate omissions from Calder's Statement of Affairs and Schedule B–1.")(*citing Williamson v. Fireman's Fund Ins. Co.,* 828 F.2d 249, 252 (4th Cir.1987)).

**14.** 6 COLLIER ON BANKRUPTCY ¶ 727.09[1] at 727–51 (Alan N. Resnick, et al. eds., 15th ed. rev.2003).