**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2370**

_____

In Re:  JAMES LAWRENCE KILLINGSWORTH,

                                              Debtor.

--------------------------------------

JAMES LAWRENCE KILLINGSWORTH,

                                    Plaintiff - Appellant,

          versus

BARBARA KILLINGSWORTH,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CA-02-412-3; BK-01-31338)

_____

Submitted:  April 30, 2004              Decided:  June 4, 2004

_____

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

R. Keith Johnson, P.A., Charlotte, North Carolina, for Appellant.
James H. Henderson, JAMES H. HENDERSON, P.C., Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Lawrence Killingsworth appeals from the district court's order affirming the bankruptcy court's order denying him a discharge of his debts under Chapter 7 of the Bankruptcy Code. Finding no clear error in the bankruptcy court's factual determinations concerning Killingsworth's entitlement to a discharge, we affirm.

The Bankruptcy Code provides that a discharge of debt shall be granted under Chapter 7 unless, among other things, the debtor knowingly and fraudulently made a false oath, which is material to the bankruptcy estate. 11 U.S.C. § 727(a)(4)(A) (1994); Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987). Whether a debtor knowingly and fraudulently made a false oath within the meaning of § 727(a)(4)(A) is a question of fact, which will not be overturned unless found to be clearly erroneous. See Bankr. R. Bankr. 8013; Williamson, 828 F.2d at 251.

We have reviewed the record and the parties' briefs and find no clear error in the bankruptcy court's determination that Killingsworth's failure to disclose the transfer of assets and income to his wife constituted a false oath within the meaning of § 727(a)(4)(A). Accordingly, we affirm for the reasons stated by the district court. See Killingsworth v. Killingsworth (In re Killingsworth), No. CA-02-412-3; BK-01-31338 (W.D.N.C. Sept. 15, 2003). We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED