# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2003

_____

| | |
|---|---|
| In re:  Tommy F. Robinson, | * |
| | * |
| Debtor, | * |
| ---------- | * |
| | * |
| Tommy F. Robinson, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *    Appeals from the United States |
| | *    District Court for the |
| Boyd Rothwell; Bill Thompson; | *    Eastern District of Arkansas. |
| Wildlife Farms II, LLC, | * |
| | *    [UNPUBLISHED] |
| Appellees. | * |

_____

No. 08-2004

_____

| | |
|---|---|
| In re:  Tommy F. Robinson; Carolyn | * |
| Robinson, | * |
| | * |
| Debtors, | * |
| ---------- | * |
| | * |
| Tommy F. Robinson, Carolyn | * |
| Robinson, | * |
| | * |
| Appellants, | * |
| | * |
| v. | * |

```
                                        *
Wildlife Farms II, LLC, also known as   *
Mallard Pointe Lodge and Reserve        *
LLC; Bill Thompson; Boyd Rothwell,      *
                                        *
            Appellees.                  *
_____

 No. 08-2005
_____

In re:  Tommy F. Robinson,              *
                                        *
            Debtor,                     *
----------                              *
                                        *
Tommy F. Robinson,                      *
                                        *
            Appellant,                  *
                                        *
     v.                                 *
                                        *
Wildlife Farms II, LLC; Bill Thompson;  *
Boyd Rothwell,                          *
                                        *
            Appellees.                  *
```

_____

Submitted: July 7, 2009
Filed: August 25, 2009
_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Tommy Robinson and Carolyn Robinson appeal an order of the district court (1) holding Tommy Robinson in criminal contempt of a bankruptcy court order and imposing on him a 60-day sentence of incarceration (suspended pending this appeal), a $5,000 fine, and awards of attorney's fees and costs, plus other expenses; and (2) affirming the bankruptcy court's denial of a discharge in bankruptcy for each of them. Upon careful review, we reverse in part and affirm in part.

We first conclude that Tommy Robinson was improperly held in criminal contempt of court for violating a bankruptcy court order that enjoined him from taking "any actions to interfere in any way with the administration of these jointly administered bankruptcies," because the bankruptcy court's order was neither sufficiently specific to be enforceable, nor clear and unambiguous, see C.H. Robinson Co. v. Medco, Inc. (In re Medlock), 406 F.3d 1066, 1071 (8th Cir. 2005) (individual may not be held in contempt for violating order unless order is sufficiently specific to be enforceable); Imageware, Inc. v. U.S. W. Commc'ns, 219 F.3d 793, 797 (8th Cir. 2000) (to support finding of contempt, order in question must be clear and unambiguous); and thus it cannot be said beyond a reasonable doubt that he knowingly and willfully violated the bankruptcy court's order when he filed a separate state-court action, much less when he sought permission from the bankruptcy court to file other lawsuits, see Wright v. Nichols, 80 F.3d 1248, 1250 (8th Cir. 1996) (criminal contempt requires proof beyond reasonable doubt that defendant committed knowing and willful violation of prior court order); see also Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826 (1994) (criminal contempt is crime in ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded protections that Constitution requires of such criminal proceedings). We therefore conclude that the district court erred in imposing against Tommy Robinson the punitive 60-day sentence and the $5,000 fine.

We further conclude, however, that the awards against Tommy Robinson of attorney's fees and costs, plus other expenses, were appropriate. See Jake's, Ltd. v. City of Coates, 356 F.3d 896, 899-904 (8th Cir. 2004) (concluding that district court erred by imposing what was essentially criminal contempt sanction, but affirming contempt orders to extent they required payment of compensatory damages); Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000) (civil contempt may be employed to compensate complainant for losses sustained); see also Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 801 (1987) (while court has authority to initiate prosecution for criminal contempt, exercise of that authority must be restrained by principle that court should use only least possible power needed to achieve end proposed; court should use criminal sanctions only if civil remedy is deemed inadequate).

Finally, as to the denial of discharges, we conclude that the bankruptcy court did not clearly err in finding that the Robinsons each acted knowingly and fraudulently in providing inaccurate information on their bankruptcy schedules. See Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251-52 (4th Cir. 1987) (in affirming denial of discharge under 11 U.S.C. § 727(a)(4)(A), reviewing for clear error bankruptcy court's finding that debtor knowingly and fraudulently made false oaths in connection with bankruptcy; explaining that, because determination of fraudulent intent depends largely upon assessment of debtor's credibility and demeanor, deference to bankruptcy court is particularly appropriate).

Accordingly, we reverse the district court's finding that Tommy Robinson was in criminal contempt of court, we vacate the 60-day sentence and the $5,000 fine, and we affirm the district court's order in all other respects.

_____