907 F.2d 953
 23 Collier Bankr.Cas.2d 677, Bankr. L. Rep. P 73,507
In re John Richard CALDER, Debtor.
Reta JOB and Dennis Job, Appellees,
v.
J. Richard CALDER, Appellant.
In re John Richard CALDER, Debtor.
J. Richard CALDER, Appellant,
v.
Reta JOB, Individually and as Personal Representative for
the Estate of Dennis Job, Appellee.
 Nos. 89-4120, 89-4121.
 United States Court of Appeals,
Tenth Circuit.
 June 29, 1990.
 
 John T. Anderson of Parsons, Behle & Latimer, Salt Lake City, Utah, for appellant.
 Douglas J. Payne (Peter W. Billings, Jr., Sheldon A. Smith, with him on the brief) of Fabian & Clendenin, Salt Lake City, Utah, for appellees.
 Before TACHA, SETH, Circuit Judges, and BROWN,* District Judge.
 PER CURIAM.
 
 
 1
 Debtor J. Richard Calder has appealed from the district court's affirmance of two orders of the bankruptcy court. First, Calder objects to the bankruptcy court's denial of a discharge of his debts, see In re Calder, 93 B.R. 734 (Bankr.D.Utah 1988), and, second, Calder challenges the bankruptcy court's allowance of a proof of claim. For the reasons set forth below, we affirm.
 
 I.
 Background
 
 2
 Calder filed the underlying voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 19, 1986. On November 21, 1986, Dennis and Reta Job (the Jobs), creditors of Calder, filed a complaint citing 11 U.S.C. Sec. 727 and 11 U.S.C. Sec. 523 and objecting to the discharge of Calder's debts. Thereafter, Dennis Job executed and filed a proof of claim based on a state court judgment obtained against Calder for legal malpractice in February, 1986. Calder filed an objection to the proof of claim apparently pursuant to 11 U.S.C. Sec. 502. In support of his objection, Calder argued that the Job's state court judgment was obtained in violation of the automatic stay under 11 U.S.C. Sec. 362(a) because the state court action was commenced after he had filed an earlier petition for relief under Chapter 13 of the Bankruptcy Code, and that bankruptcy proceeding was not dismissed until after the state court judgment was entered.
 
 
 3
 Following a trial, the bankruptcy court ruled, on August 12, 1988, that Calder was not entitled to a discharge of his debts. In reaching this decision, the bankruptcy court focused on the Statement of Affairs and Schedule B-1 filed by Calder with his petition. The bankruptcy court determined that Calder's failure to disclose the following information in his Statement of Affairs and Schedule B-1 constituted a false oath under 11 U.S.C. Sec. 727(a)(4)(A)[1] precluding a discharge: (1) an ownership interest in certain mineral rights, (2) two bank accounts, and (3) monthly income which was paid by a partnership (the Redlac Partnership) to Calder as a partner after April, 1984, and through the filing of the underlying bankruptcy petition, and designated by Calder for deposit in his wife's bank account.[2]
 
 
 4
 On October 13, 1988, the bankruptcy court entered a separate order rejecting Calder's objection to Dennis Job's proof of claim. The bankruptcy court determined that Calder could not claim the protections of the automatic stay under section 362(a) because he "failed to timely perform his obligation to provide notice to the state court of the fact that he had previously filed a petition under Chapter 13 of the Bankruptcy Code, and ... that failure constitutes a de facto stipulation between the Debtor and Job to grant Job relief from the automatic stay." The district court summarily affirmed both the denial of discharge and the allowance of the proof of claim.[3]
 
 II.
 Denial of Discharge
 
 5
 Ten categories of circumstances which can forestall a debtor's receipt of a discharge in bankruptcy are described in 11 U.S.C. Sec. 727(a). Calder does not dispute that an omission of assets from a Statement of Affairs or schedule may constitute a false oath under section 727(a)(4)(A). Farmers Co-op. Ass'n v. Strunk, 671 F.2d 391, 395 (10th Cir.1982). To trigger section 727(a)(4)(A), the false oath must relate to a material matter and must be made willfully with intent to defraud. See 4 Collier on Bankruptcy, p 727.04 at 727-54 to -57 (15th ed. 1987).
 
 
 6
 We agree with the bankruptcy court that each of Calder's omissions was a material matter that would support denial of discharge. The omitted information concerned the existence and disposition of Calder's property. See In re Chalik, 748 F.2d 616, 618 (11th Cir.1984) ("The subject matter of a false oath is 'material,' and thus sufficient to bar discharge if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."). Calder has argued that he should not be denied a discharge of his debts because the undisclosed bank accounts and mineral interest were worthless assets. However, a "recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted ... information concerned a worthless business relationship or holding; such a defense is specious." Id.
 
 
 7
 Calder's primary contention on appeal is that the bankruptcy court erred in denying him discharge on the basis of the omitted information because these omissions were not made fraudulently within the meaning of section 727(a)(4)(A). Calder contends that the nondisclosures were merely the result of inadvertence. As Calder points out, much of his testimony at the trial on the objection to discharge, not surprisingly, was to the effect that he did not act with a fraudulent intent. Furthermore, Calder asserts that he did not disclose the transfer of income from the Redlac Partnership to his wife's bank account after April, 1984, because that transfer was a gift and the Statement of Affairs only required disclosure of "gifts ... to family members" made during the year immediately preceding the filing of the petition.
 
 
 8
 The problem in ascertaining whether a debtor acted with fraudulent intent is difficult because, ordinarily, the debtor will be the only person able to testify directly concerning his intent and he is unlikely to state that his intent was fraudulent. Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 252 (4th Cir.1987). Therefore, fraudulent intent may be deduced from the facts and circumstances of a case. In re Devers, 759 F.2d 751, 754 (9th Cir.1985); see also Farmers Co-op. Ass'n, 671 F.2d at 395 ("Fraudulent intent of course may be established by circumstantial evidence, or by inferences drawn from a course of conduct."). The bankruptcy court's ultimate determination concerning fraudulent intent will not be set aside unless clearly erroneous. Williamson, 828 F.2d at 252.
 
 
 9
 In this case, several facts and circumstances, not disputed by Calder, support the bankruptcy court's conclusion that Calder acted fraudulently in making false oaths in connection with his bankruptcy. First, Calder, as the bankruptcy court noted, is an experienced attorney practicing exclusively in bankruptcy law. He should be aware that those who seek shelter of the bankruptcy code must provide "complete, truthful and reliable information." In re Tully, 818 F.2d 106, 110 (1st Cir.1987). Furthermore, it is significant that there was not one but four separate omissions from Calder's Statement of Affairs and Schedule B-1. See Williamson, 828 F.2d at 252. Finally, as the bankruptcy court also noted, records of the Redlac Partnership continued to reflect Calder's interest in the partnership after April, 1984. Thus, there is no indication that Calder absolutely and irrevocably divested himself of domination and control over his future partnership income in April, 1984. In view of these facts, we cannot say that the bankruptcy court's finding of fraudulent intent was clearly erroneous.
 
 III.
 Allowance of Proof of Claim
 
 10
 Under section 362(a), the filing of a bankruptcy petition creates a broad automatic stay protecting the property of the debtor. Ordinarily, any action taken in violation of the stay is void and without effect, Ellis v. Consolidated Diesel Elec. Corp., 894 F.2d 371, 372 (10th Cir.1990), even where there is no actual notice of the existence of the stay, In re Smith, 876 F.2d 524, 526 (6th Cir.1989). Nevertheless, equitable principles may, in some circumstances, be applicable to claimed violations of the stay. The existing case law indicates that courts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the creditor's plight. See, e.g., In re Smith Corset Shops, Inc., 696 F.2d 971, 976-77 (1st Cir.1982) (debtor not entitled to protection where debtor remained "stealthily silent" while creditor obtained a default judgment and execution from a state court in violation of the automatic stay); see also Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir.1984) (laches barred debtor's attempt to void a 33-month-old state court judgment on the basis of the automatic stay).
 
 
 11
 In our view, it would be inequitable to allow Calder to claim any protections of the automatic stay under section 362(a) to defeat the Jobs' state court judgment.[4] The basic undisputed fact apparent from the record is that Calder actively litigated the state court action and did not provide notice of the pending Chapter 13 proceeding until just before the state court was to enter a final judgment. Calder must bear some responsibility for his unreasonable delay in asserting his rights under section 362(a). Calder's only explanation, that he forgot, is not a legitimate excuse for his delay. To hold otherwise and permit the automatic stay provision to be used as a trump card played after an unfavorable result was reached in state court, would be inconsistent with the underlying purpose of the automatic stay which is to give a debtor " 'a breathing spell from his creditors.' " Ellis, 894 F.2d at 373 (quoting Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir.1982)).
 
 
 12
 Accordingly, the district court's affirmance of the orders of the bankruptcy court is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 11 U.S.C. Sec. 727 provides in pertinent part that "(a) The court shall grant the debtor a discharge, unless ... (4) the debtor knowingly and fraudulently, in or in connection with the case ... (A) made a false oath or account...."
 
 
 [2]
 We reject Calder's argument that the bankruptcy court improperly resorted to judicial notice of his Statement of Affairs and Schedule B-1. Under Fed.R.Evid. 201(b)(2), which is applicable in bankruptcy cases, see Bankruptcy Rule 9017, a court may take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In this case the bankruptcy court, consistent with Rule 201(b)(2), simply took judicial notice of the contents of Calder's Statement of Affairs and Schedule B-1 and not the truthfulness of the assertions therein. Furthermore, the bankruptcy court, contrary to Calder's suggestion, was not required to give prior notification of its intent to take notice. The burden rested with Calder to make a request for a hearing to challenge the propriety of taking judicial notice even after notice had been taken. See Fed.R.Evid. 201(e)
 
 
 [3]
 While the proceedings were pending in the district court, Dennis Job died
 
 
 [4]
 The bankruptcy court did not expressly state that it was relying on equitable principles as a basis for allowing Dennis Job's proof of claim. Nevertheless, this court is free to affirm the bankruptcy court's determination on any ground supported by the record. Reynolds v. United States, 643 F.2d 707, 710 (10th Cir.), cert. denied, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 85 (1981)