# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

December 4, 1998


**TO:** ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:** 98-3142, *In re: Spriggs*
Filed on November 16, 1998


The order and judgment filed in matter on November 16, 1998, contains a clerical error. The order and judgment incorrectly listed the lower court case numbers on page one. The corrected lower court case numbers are as follows:

(District of Kansas)
(Bankr. No. 96-21791)
(BAP No. KS-97-078)

Please see the attached corrected cover page.

Sincerely,
Patrick Fisher, Clerk of Court

By:
Keith Nelson
Deputy Clerk


encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  LURE DEAN SPRIGGS,

    Debtor.

---

PRO FINANCE, INC.,

    Appellant,

v.

LURE DEAN SPRIGGS,

    Appellee.

No. 98-3142

(District of Kansas)

(Bankr. No. 96-21791)

(BAP No. KS-97-078)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On February 26, 1992, Appellee Lure Dean Spriggs executed a Trust Deed Note on her residence in favor of Appellant Pro Finance, Inc., to secure the payment of a note in the amount of $5,200.00. Prior to this action, Appellee filed two separate Chapter 13 petitions in the United States Bankruptcy Court for the Western District of Missouri. Both of Appellee's Missouri petitions subsequently were dismissed. Seven days after the dismissal of the second Missouri petition, Appellee filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Kansas.

Appellee allegedly defaulted on the Trust Deed Note prior to the filing of her first Missouri bankruptcy petition. However, Appellant was unable to foreclose on the property due to the stays imposed by virtue of the Missouri bankruptcy proceedings. During the seven days between the dismissal of Appellee's second Missouri petition and the filing of her Kansas petition, Appellant commenced foreclosure proceedings against Appellee's residence. Appellant's name, address, and zip code all properly appear on the schedules and plan accompanying Appellee's petition, and the bankruptcy clerk's office sent a notice of commencement via first class mail to Appellant at that address. Nonetheless, Appellant alleges that it did not receive notice of the Kansas filing until after it had completed the foreclosure sale of Appellee's residence and recorded a Trustee's Deed on the property. Meanwhile, during the foreclosure

process, Appellant's counsel sent several notices to Appellee informing her that foreclosure proceedings were ongoing, but apparently she did not respond.

After it learned of Appellee's Kansas bankruptcy proceedings, Appellant filed a proof of claim in the case asserting a secured claim for $5,027.90. A portion of this sum, $2,497.71, consisted of the amount due under the note at the time of foreclosure. The remainder of the secured claim, $2,550.19, consisted of fees and costs associated with the foreclosure sale. Two months later, Appellant filed a motion asking the bankruptcy court to modify the stay and to enter an order validating the foreclosure sale and the recorded Trustee's Deed. On the same day, Appellee filed an objection to Appellant's proof of claim, arguing that Appellant was not entitled to the fees and costs associated with the foreclosure because they were incurred in violation of the automatic stay. Appellee also sought damages pursuant to 11 U.S.C. § 362(h). Appellant responded that it was entitled to fees and costs under the terms of the Trust Deed Note, that the foreclosure sale was valid, and that Appellee was not entitled to damages. In response to an order of the bankruptcy court, each of the parties then filed summary judgment motions.

At a subsequent hearing, the bankruptcy court entered the following rulings from the bench: (1) the foreclosure sale was void because it was conducted in violation of the automatic stay; (2) no equitable exception to the rule that actions

in violation of the stay are void applied in this case; (3) Appellant was not entitled to the fees and costs associated with the foreclosure sale; and (4) the Debtor was not entitled to damages under 11 U.S.C. § 362(h).  The bankruptcy court later executed an order incorporating its bench rulings by reference.  Appellant appealed the bankruptcy court's order directly to the United States Bankruptcy Appellate Panel of the Tenth Circuit Court of Appeals.  In a published opinion, the BAP affirmed the bankruptcy court's order.  See Pro Finance, Inc. v. Spriggs (In re Spriggs), 219 B.R. 909 (B.A.P. 10th Cir. 1998).  Appellant now appeals the BAP's ruling.  We exercise jurisdiction pursuant to 28 U.S.C. § 158(d).

In our review of decisions by the BAP, we apply the same standard of review that the BAP employs in reviewing decisions of the bankruptcy court.  See Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).  Thus, we review legal determinations de novo and factual findings for clear error.  See id.  To the extent that the bankruptcy court's ruling disposed of the parties' motions for summary judgment, our review is governed by standards set forth in Federal Rule of Civil Procedure 56(c).  See Fed. R. Civ. P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

-4-

entitled to judgment as a matter of law."); Hollytex Carpet Mills, Inc. v. Oklahoma Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.), 73 F.3d 1516, 1518 (10th Cir. 1996).

Appellant's central argument is that it should be exempted from the automatic stay because it was without actual notice of Appellee's filing of her Kansas petition and because Appellee remained silent in the face of numerous attempts by Appellant's counsel to notify her of the commencement and progress of foreclosure proceedings on her residence. Appellant also contends that Appellee's silence was so unreasonable that it "was the sole contributing cause of [Appellant's] plight." Appellant's Opening Br. at 14. However, we agree with the determination of the BAP that mere silence is inadequate to require a court to retroactively annul the effects of an automatic stay for equitable reasons. We also agree with the BAP that, in this case, Appellee's failure to respond to correspondence concerning the foreclosure was reasonable in light of her reliance on the protections of the automatic stay. Similarly, we agree that because Appellant knew of Appellee's prior bankruptcy filings, Appellee's silence should have raised a red flag on the part of Appellant's counsel.

Appellant also claims that it is entitled to the costs and fees associated with the foreclosure sale because the specific terms of the Deed of Trust provide for such costs. However, the BAP's determination that the foreclosure sale violated

-5-

the stay necessarily implies that the costs and fees associated with the foreclosure were incurred in violation of the stay. Consequently, we conclude that this argument is without merit.

Additionally, Appellant contends that Appellee's failure to pay the costs and fees, along with all costs and attorneys' fees associated with the foreclosure, amounts to a breach of the covenant of good faith and fair dealing that inheres in every agreement. Appellant also argues that Appellee had a duty to mitigate her damages by providing notice to Appellant of the Kansas bankruptcy proceeding. Based on a review of the record before us, Appellant did not raise these arguments in the bankruptcy court, and accordingly, we decline to address them. See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1571 (10th Cir. 1993); Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Finally, Appellant argues that the bankruptcy court and the BAP erred in failing to find that Appellant was protected as a good faith purchaser without knowledge under 11 U.S.C. § 549(c). The BAP did not address this argument because Appellant raised it for the first time on appeal. See In re Spriggs, 219 B.R. at 912 n.3. For the same reason, we decline to address Appellant's section 549(c) argument. See Rademacher, 11 F.3d at 1571; Walker, 959 F.2d at 896.

We AFFIRM the decision of the Bankruptcy Appellate Panel in all

respects.[1]

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]We also deny Appellant's motion for leave to file a supplemental brief.