In re Kimberly SLATTERY and Alfred Murray Slattery, Debtors.

Richard M. Kremen Chapter 7 Trustee, Plaintiff,

v.

Kimberly Slattery, Defendant.

Bankruptcy No. 02–6–8523–JS.
Adversary No. 03–5184–JS.

United States Bankruptcy Court,
D. Maryland.

Sept. 8, 2005.

Regan K. LaTesta, Esquire, DLA Pipr Rudnick Gray Cary U.S. LLP, Baltimore, MD, for Debtors.

### *MEMORANDUM OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING A DISCHARGE TO THE DEBTOR*

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter is before the Court upon the motion for summary judgment [P.10] of the plaintiff, Richard M. Kremen, Chapter 7 trustee ("trustee"), and the response [P. 13] of the defendant, Kimberly Slattery

("debtor" or "defendant" or "Ms. Slattery"). For the reasons stated herein, the motion for summary judgment will be granted and the debtor's discharge will be denied.

### FINDINGS OF FACT

On November 11, 2002, the debtor filed a voluntary Chapter 7 bankruptcy petition in this Court. The debtor filed her Statement of Affairs and Schedules with her bankruptcy petition. Brian Goldman, Esquire, was appointed interim trustee. The meeting of creditors was conducted on January 2, 2003, and on January 22, 2002, Richard M. Kremen, Esquire, was appointed trustee.

On Schedule A, the debtor stated that she did not own any real property on the filing date. However, on Schedule D, she listed secured creditors holding as collateral real property identified as 2322 Ettings Street (creditor CitiMortgage, lien listed as mortgage); 1913 Ridgehill Drive, Baltimore, Maryland (creditor CitiMortgage); 10223 Harvest Fields Drive (creditor Central Mortgage Co., lien listed as mortgage); 58th Street # 209, Ocean City, Maryland (creditor Homecomings Financial, lien listed as mortgage); 112 Walgrove Road (creditor Greenpoint Mortgage, lien listed as mortgage); and 1044 N. Durham Street, Baltimore, Maryland (creditor Olympus Servicing, lien listed as mortgage). *Id.*

In her Individual Statement of Intention, the debtor indicated that she planned to reaffirm the debts, *inter alia.* with Citimortgage for the property at 1913 Ridgehill Avenue, Central Mortgage Co. for the property at 10223 Harvest Fields Avenue, Greenpoint Mortgage for the property located at 112 Walgrove Road and Olympus Servicing for the property at 1044 N. Durham Street, and to surrender the property on 58th Street in Ocean City, Maryland to Homecomings Financial. *Id.*

During the course of the case, motions for relief from stay were filed by a number of secured creditors including Citimortgage, Inc., for the real properties located at 2322 Ettings Street and 1539 Shadyside Road in Baltimore, Federal National Mortgage Association for the real properties at 1044 N. Durham Street and 1913 Ridgehill Avenue, Bank One for the real property located at 58th Street, Unit # 209 in Ocean City and Central Mortgage Company for the real property located at 10223 Harvest Fields Drive in Woodstock. PP. 11, 14, 16, 26, 29 and 67. The Court has either granted relief from stay or modified the stay upon consent of the parties, including the trustee, for all the subject properties. . PP. 19, 47, 52, 61, 73 and 100.

Since the case was filed, the debtor has filed no amendments to Schedule A. As it stands, the debtor's sworn declaration is that, as of the petition date, she owned no interest in *any* real property.

On April 11, 2003, the trustee filed the instant three-count adversary proceeding which alleged that the debtor concealed property of the estate pursuant to 11 U.S.C. § 727(a)(2)(D); made false oaths pursuant to § 727(a)(4)(A), and withheld information or documents from the trustee relating to debtor's financial affairs, pursuant to § 727(a)(4)(D).

On or about August 4, 2003, the trustee served a Request for Admissions on the debtor, to have the debtor admit the following:

1. At the time the debtor filed her petition, Statement of Financial Affairs and Schedules, the debtor failed to disclose certain real property that was owned by her as of the petition date.

2. The debtor failed to disclose that she owned any real property on her

Schedule A Real Property, that she filed with her petition.

3. As of the petition date, the debtor had an ownership interest in the real property located at 1539 Shadyside Road, Baltimore, Maryland (the "Shadyside Property").

4. On her Schedules, the debtor failed to disclose that she had an ownership interest in the Shadyside Property.

5. At the meeting of creditors, the debtor failed to disclose that she had an ownership interest in the Shadyside Property.

6. At the time the debtor filed her Schedules, she knew that she owned real property that was not disclosed on Schedule A.

7. The debtor failed to amend Schedule A to include real property which she owned as of the petition date.

8. The debtor has concealed property that belonged to the estate.

9. The debtor's schedules were false and her testimony at the meeting of creditors was also false.

To date, the debtor has not formally responded to the Request for Admissions.

The trustee filed this motion for summary judgment on the Section 727(a) portion of the complaint, citing the debtor's own bankruptcy schedules and the motions for relief from stay as to real property in which the debtor had an interest. The trustee argued that summary judgment should be granted because the debtor made false oaths in violation of § 727(a)(4)(A) and because her failure to respond to the Request for Admissions

results in her admission of all facts therein, pursuant to Federal Rule of Civil Procedure 36.

The debtor's response to the motion contained an affidavit in which she denied the allegations of the complaint. The debtor's affidavit stated, in pertinent part:

She is the wife of Alfred M.P. Slattery,[1] a co-debtor in this matter.

She is not an attorney and unaware of the complexities in the titling of real property.

She was not aware of the titling of certain real property that have been the subject of the trustee's motion for summary judgment.

She was only aware that her name was on the deed to the family residence at the time of the filing of the petition.

After the filing of the petition, the other properties that were the subject of the complaint were the subject of various motions for relief from the automatic stay.

After the filing of the petition, the only property that remained in her possession was the family residence.

Affidavit of Kimberly Slattery, dated October 7, 2003.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate the absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c), made applicable to these

---

1. Mr. Slattery filed a separate Chapter 7 case, No. 02–56167–JS, which was consolidated with Ms. Slattery's case by Order dated June 2, 2003. The Chapter 7 trustee also filed a complaint objecting to Mr. Slattery's discharge, Adv. Pro. No. 03–8022. Mr. Slattery failed to answer the complaint and was denied a discharge by default on August 21, 2003. After the motion for summary judgment was filed by the trustee, Mrs. Slattery moved to have her case deconsolidated from that of her husband.

proceedings by Fed. R. Bankr.P. 7056. The Court may grant summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Preston v. Mountainside Transport, Inc.*, 795 F.Supp. 159, 160 (D.Md.1992), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Permissible inferences to be drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. *Miller v. Federal Deposit Insurance Corp.*, 906 F.2d 972, 973–74 (4th Cir.1990), *citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In this case, there is no dispute as to the material facts and the issue presented is one that may be decided as a matter of law.

■ A debtor is not entitled to a discharge if the debtor has knowingly and fraudulently made a false oath in or in connection with the bankruptcy case. 11 U.S.C. § 727(a)(4)(A). The purpose of the provision is to insure that debtors provide reliable information to those with an interest in the administration of the debtor's estate. *Discenza v. MacDonald (In re MacDonald)*, 50 B.R. 255, 259 (Bankr. D.Mass.1985).

■ In *Williamson v. Fireman's Fund Insurance Co.*, 828 F.2d 249, 251 (4th Cir. 1987), the court stated that in order to deny a debtor a discharge under § 727(a)(4), "the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with intent to defraud," *citing* 4 L. King, *Collier on Bankruptcy*, ¶ 727.04[1], at 727–54 to–55 (15th ed.1987). *Williamson* cited *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir.

1984), which discussed the concept of materiality as follows: "The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." The omission of facts required to be disclosed in the schedules and statement of financial affairs can constitute a material misrepresentation. *See Consumers United Capital Corp. v. Greene (In re Greene)*, 202 B.R. 68, 74 (Bankr.D.Md.1996)(omission of three bank accounts constituted willful non-disclosure of material facts in violation of Section 727(a)(4)(A)); *Rinker–Detwiler & Associates v. Richman (In re Richman)*, 168 B.R. 578, 579 (Bankr.D.Md. 1994)("[i]t is certainly true that the omission of facts required to be divulged by the schedules ... can be a material misrepresentation").

In its opinion in the case of *Noble v. Renner (In re Renner)*, 45 B.R. 414, 416 (Bankr.D.Md.1984), this Court (Mannes, J.) analyzed the burden on a debtor to respond to a *prima facie* showing under Section 727(a)(4)(A), as follows:

> Debtor offered no satisfactory explanation of the false oath to his schedules which omitted the assets described. This situation is governed by the rule articulated by Judge Campbell, speaking for the court:

> > ... once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he has not committed the offense charged. (Citations omitted.) The trier of fact may rely upon reasonable inferences as well as direct evidence. Thus, the trier may infer fraudulent intent from an unexplained false statement. (Citations omitted.)

*In re Mascolo*, 505 F.2d 274, 276 (1st Cir.1974).

■ In the instant case, it is undisputed that at the time of filing the debtor knew that her name was on the deed to the family residence, yet she did not list the property on her bankruptcy schedules. Affidavit of Ms. Slattery, ¶ 5; Bankruptcy Schedule A. She further admitted that after the petition date she remained in possession of the residence on which her name appeared on the deed, but failed to amend Schedule A to disclose this fact. Affidavit of Ms. Slattery, ¶ 5; Bankruptcy Schedule A.

■ The debtor's failure to respond to the trustee's requests for admissions is also damning. The failure to respond to a request for admissions in a proceeding in which the nonresponding party was represented by counsel may result in a material fact being deemed to be admitted and thereby subject the party to an adverse grant of summary judgment. *Cf. Citibank, S.D., N.A. v. Savage (In re Savage)*, 303 B.R. 766, 772 (Bankr.D.Md.2003). Indeed, Rule 36 provides fair warning to counsel and client that a matter will be deemed admitted unless within 30 days the opposing party provides its answer or objection to the request. Fed.R.Civ.P. 36(a). Here, having been on notice that the trustee sought to use the matters deemed admitted as undisputed facts to support his motion for summary judgment, the debtor failed to take the appropriate remedial action of providing formal responses to the request for admissions. Standing alone, these admissions establish that the debtor failed to disclose her interest in real property, that she concealed property of the estate, that her schedules were false and that likewise, her testimony at the meeting of creditors was false.

The debtor attempted to create a disputed question of fact by the submission of her affidavit in response to the motion for summary judgment. Nevertheless, taken in the light most favorable to the debtor, the Court must take at face value debtor's assertions that she is not an attorney and unaware of the complexities in the titling of real property, that she was not aware of the titling of certain real property that have been the subject of the trustee's motion for summary judgment, and that after the filing of the petition the properties that were the subject matter of the trustee's motion have been the subject matter of various motions for relief from the automatic stay. Affidavit of Ms. Slattery, ¶ 3, 4, 6. Clearly, the affidavit attempts to obfuscate the intent required to deny discharge under Section 727(a)(4)(A) by pleading ignorance to the true state of affairs. While she may not be aware of how the various parcels of real estate were titled at the time of filing, at a minimum the debtor was on notice with the filing of numerous relief from stay motions to research her ownership interest in properties and to amend her schedules to reflect the true state of ownership on the date of filing. *See Croge v. Katz (In re Katz)*, 203 B.R. 227, 235 (Bankr.E.D.Pa.1996)(debtor's willingness to amend schedules corroborates good faith intention to complete schedules accurately). Ms. Slattery has made no attempt to file the necessary amendments to schedules and her affidavit fails to explain these omissions.

Moreover, the debtor's own affidavit belies her plea of ignorance. The debtor admits that her name was on the deed to the family residence on the date of filing her petition, yet Schedule A lists no ownership of real property. Based upon the omission from her sworn schedules of an ownership interest in her family residence and her failure to correct this error, along with her failure to amend her schedules after being put on notice of potential ownership inter-

ests in numerous other properties, the Court concludes that debtor willfully and fraudulently made false oaths in conjunction with her case.

The trustee has met his burden under Section 727(a)(4)(A). The omissions of real property, including her own residence, from being listed in Schedule A or amendments thereto, particularly in light of motions for relief from stay which put Ms. Slattery on inquiry notice of ownership interests in other properties, evidences at a minimum a reckless disregard for the truth which is the equivalent of fraud. *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 112 (1st Cir.1987). The parcels of real property in question were material to the bankruptcy estate and likely hindered the trustee's administration of assets in the case. The debtor has not come forward to demonstrate any disputed material fact in opposition to the summary judgment motion. Taking Ms. Slattery's affidavit as true and in the light most favorable to the debtor, the Court concludes, based on the undisputed facts, that the debtor's discharge should be denied.

Therefore, having determined that the trustee is entitled to summary judgment under § 727(a)(4)(A), resulting in the denial of the debtor's discharge, the Court will forego addressing the additional allegations to deny discharge pursuant to §§ 727(a)(2)(A) and (a)(4)(D).

WHEREFORE, the trustee's motion for summary judgment will be GRANTED pursuant to 11 U.S.C. § 727(a)(4)(A), and the debtor's discharge will be DENIED.

ORDER ACCORDINGLY.